# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 23, 2013          Decided June 11, 2013

———

No. 12-5106

KEVIN D. WEST,
APPELLANT

v.

JOHN E. POTTER, POSTMASTER GENERAL, U.S. POSTAL
SERVICE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:05-cv-01339)

———

*Teresa W. Murray* argued the cause and filed the briefs for appellant.

*Richard T. Seymour*, *Jonathan C. Puth*, and *Lenore C. Garon* were on the brief of *amici curiae* Metropolitan Washington Employment Lawyers Association, et al. in support of appellant.

*Rhonda C. Fields*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence* and *Alan Burch*, Assistant U.S. Attorneys.

Before: TATEL, *Circuit Judge*, WILLIAMS and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

Concurring opinion filed by *Senior Circuit Judge* WILLIAMS.

SENTELLE, *Senior Circuit Judge*: This case comes before us on Appellant Kevin D. West's appeal of the district court's order refusing to award him any compensation for delayed payment of attorney's fees after his successful Title VII lawsuit against his employer, the United States Postal Service. Although the district court had discretion not to compensate for delay, it applied the wrong legal standard in exercising that discretion. Accordingly, we vacate and remand for the district court to determine, under the correct legal standards, whether compensation for delay is appropriate and, if so, by what means.

## I.    BACKGROUND

West sued USPS, claiming racial discrimination, retaliation, and hostile work environment. On March 14, 2008, a jury returned a verdict in West's favor on some of the retaliation claims and awarded him $90,000 plus costs. West's attorney presumably knew when she took his case on that she would likely not receive any attorney's fees unless West eventually won, which meant that there would probably be a significant delay between the time she rendered legal services to West and the time that she finally received compensation for those services. Compensation received years after services are rendered is less valuable than the same dollar amount received promptly. *Copeland v. Marshall*, 641

F.2d 880, 893 (D.C. Cir. 1980) (en banc) ("[P]ayment today for services rendered long in the past deprives the eventual recipient of the value of the use of the money in the meantime, which use, particularly in an inflationary era, is valuable."). To compensate for this lost value caused by delayed payment, West's motion for attorney's fees requested that the district court base his fee award on his attorney's higher current rates instead of the rates she charged at the time legal services were rendered.

The district court referred the attorney's fees issue to a United States magistrate judge, who recommended that West's attorney's fees be calculated based on historic rates and that his recovery should be limited to 75% to reflect West's partial success on the merits. West objected to the magistrate judge's Report and Recommendation, but while it was pending, he also filed an emergency motion for interim attorney's fees. Ten days later, the district court adopted the magistrate judge's Report and Recommendation.

The district court granted West's emergency motion for interim attorney's fees in part. Although the parties still disputed the amount of fees due to West, the district court awarded immediate payment of the undisputed amount— $255,915 (later increased by $23,906 to correct a math error)—noting that under the circumstances, it was better to require "the payment of an amount that is not disputed as quickly as possible rather than to delay the resolution of the parties' dispute regarding interim fees at this time." It added that "there will be an opportunity to adjudicate the difference when a final attorneys' fee award is made." Order 1, n.1, Jan. 13, 2010, ECF No. 132.

On December 21, 2011, the parties filed a status report, which provided that "there are no outstanding issues which

need to be resolved by the Court." The district court responded with an order "GRANT[ING] in part and DEN[YING] in part as directed in previous orders on the docket" West's motion for an award of attorney's fees. The order stated that "the parties have informed the court that there are no outstanding issues to be resolved in this case." Order, Jan. 1, 2012, ECF No. 176.

West moved for reconsideration, requesting that the district court allow the parties more time to finalize a stipulated settlement agreement. After the parties filed their stipulated settlement agreement, the district court issued a revised supplemental judgment, which explained:

> The court retained jurisdiction of the case to resolve post-judgment issues related to equitable remedies and attorney's fees. On December 1, 2011, the court resolved the remaining equitable issues and directed the parties to confer regarding any pending disputes. *Order* [#169] at 15-16. The parties informed the court that there were no outstanding issues to be resolved in this case and the court entered a supplemental judgment on January 4, 2011 [Docket No. 176]. Although there does not appear to have been any impediment to timely filing a notice of appeal related to any pre-judgment attorney's fees issues, Plaintiff moved to vacate the supplemental judgment pending the filing of the present agreement regarding post-judgment attorney's fees issues [Docket No. 177; Filed January 20, 2012]. While this revised supplemental judgment is arguably unnecessary, IT IS HEREBY ORDERED as follows: (1) Plaintiff's Motion for Reconsideration [Docket No. 177] is GRANTED. (2) Plaintiff's Motion for an Award of Attorney's Fees [Docket No. 66] is GRANTED in part

and DENIED in part as directed in previous orders on the docket. Any remaining portion of the Motion is DENIED as moot pursuant to the parties' agreement [Docket No. 178]. . . . This case shall remain closed.

Revised Supplemental J. 1, Feb. 10, 2012, ECF No. 179. West appealed.

## II. DISCUSSION

### A.

As always, before proceeding to the merits of this case, we must assure ourselves that we have jurisdiction to consider them. The Postmaster argues that we lack jurisdiction because the district court has not yet set a final amount of attorney's fees to be awarded. *See Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 677 (D.C. Cir. 1996) (holding that a decision awarding attorney's fees is not reviewable until the district court has set the amount to be awarded). The district court specified that its interim attorney's fees award was non-final, and it never awarded any *other* amount of fees. Therefore, the argument goes, no final amount of attorney's fees was ever set in the court below. While appellee's argument is certainly not frivolous, we ultimately disagree.

Before issuing its revised supplemental judgment, the district court asked both parties whether any issues remained to be resolved, and both responded that *none* remained. In its revised supplemental judgment, the district court reentered the interim attorney's fees award as a final award of fees. It even added a sentence denying any remaining portion of West's motion for attorney's fees as moot and declared the case closed. Accordingly, the interim attorney's fees award

became final after the district court issued its revised supplemental judgment, and we have jurisdiction to hear this case.

Given West's representation to the district court that the interim fees award resolved all outstanding issues pertaining to attorney's fees, West may well have waived any argument regarding the proper computation of fees at historic rates, an issue arguably left open by the interim fees award. *See* Order 1, n.1, Jan. 13, 2010, ECF No. 132 (noting that "there will be an opportunity to adjudicate the difference" in the requested fee awards "when a final attorneys' fee award is made"). But West's challenge on appeal is instead to the use of historic rather than current rates to calculate the attorney's fee award, an issue resolved by the district court's adoption of the magistrate judge's Report and Recommendation and not reopened by the interim fees award.

## B.

Proceeding to the merits, West argues that the district court was required to award him attorney's fees calculated at current rates to compensate him for delayed payment. The Postmaster argues that the district court did not abuse its discretion by refusing to award the current rates because West failed to meet his burden to show that his request resulted in a reasonable attorney's fees award. We review attorney's fees awards for abuse of discretion, *Covington v. District of Columbia*, 57 F.3d 1101, 1110 (D.C. Cir. 1995), but we review questions of law decided in the process of determining an award *de novo*, *Almerfedi v. Obama*, 654 F.3d 1, 5 (D.C. Cir. 2011).

The reasoning supporting the district court's decision to use historic rates and to provide no compensation for delayed

payment is found in the magistrate judge's Report and Recommendation that the district court accepted before entering the interim fee award. The magistrate judge refused to compensate for delay not because he believed current rates to be an inappropriate means of compensation and the only one West requested. Instead, he concluded that because the delay was neither "unusually long" for a Title VII case nor occasioned by "dilatory or stalling conduct" on the part of the defendant, no compensation for delay was appropriate. Report and Recommendation 16, Oct. 13, 2009, ECF No. 110. In so concluding, the magistrate judge applied the wrong standard for evaluating whether compensation for delayed payment of attorney's fees is necessary.

Title VII provides that prevailing parties may recover a "reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e-5(k). A reasonable fee is one that is "adequate to attract competent counsel, but that does not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The Supreme Court has held that there is a strong presumption that the fee yielded by the now-ubiquitous "lodestar" method, which bases fees on the prevailing market rates in the relevant community, is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). But in Title VII cases like this one, attorneys are often not paid until long after services are rendered, and "payment today for services rendered long in the past deprives the eventual recipient of the value of the use of the money in the meantime, which use, particularly in an inflationary era, is valuable."[1] *Copeland*, 641 F.2d at 893. Accordingly, the

---

[1] We recognize that the language of prior decisions referring to the "inflationary era" is no longer applicable, which may affect the trial

Supreme Court has held that "an enhancement for delay in payment is, where appropriate, part of a reasonable attorney's fee." *Missouri v. Jenkins*, 491 U.S. 274, 282 (1989) (internal quotation marks omitted). If compensation for delay is necessary to provide a reasonable fee, it may be made "either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value." *Perdue*, 130 S. Ct. at 1675 (internal quotation marks omitted). For example, instead of using current rates, courts may also compensate for delay by adding interest to the historic rate so that the amount paid today reflects the approximate value of the historical rates charged at the time services were rendered. *Cf.* 42 U.S.C. § 2000e-16(d) (making interest available in Title VII litigation).

As noted above, the magistrate judge recited as factors in his refusal to provide compensation for delay in payment that the delay was neither unusually long nor attributable to the defendant's dilatory or stalling conduct. While these may be appropriate factors to consider in whether to award an adjustment for delay, neither we nor the Supreme Court have deemed them exclusive. *See Action on Smoking and Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 219 (D.C. Cir. 1988) (compensating for delayed payment of fees where a significant part of the four-year delay was attributable to "the [defendant's] six requests for stays"). It appears that the magistrate judge may have thought them necessary rather than sufficient. We are not suggesting that they are inappropriate factors, but we are returning the question to the district court for resolution of an appropriate adjustment, if any, based on the delay without the apparent assumption that none could be made in the absence of the enumerated factors.

---

court's determination on remand of the appropriateness or the appropriate level of compensation for the delay in payment.

We do not hold that compensation for delay is always necessary in Title VII cases. The magistrate judge may have had discretion not to compensate for delay at all. By way of example, and not exhaustion, if he determined that West's counsel had anticipated the delayed payment and built compensation for that delay into the lodestar figure, he might have held no further compensation necessary. *See Copeland*, 641 F.2d at 893 n.23. Or a brief delay in payment might not warrant any adjustment for the lost value of money. Rulings such as these we would review for abuse of discretion. But the magistrate judge appears to have treated the two factors discussed above as necessary to time delay enhancement when they were at most relevant factors.

## III.   CONCLUSION

Accordingly, we vacate and remand for the district court to determine, under the correct legal standards, whether compensation for delay is appropriate and, if so, by what means.

*So ordered.*

WILLIAMS, *Senior Circuit Judge*, concurring: I concur fully in the court's opinion, and write separately only to note problems with the assumption that an award of current rates is a suitable means for compensating counsel for delay in the payment of fees.

A number of variables are relevant. Three simple examples will illustrate some basic problems. In two, use of current rates may undercompensate; in the third, it may overcompensate.

First, suppose that over the relevant period there has been zero general price inflation, no price inflation has been expected,[1] and lawyers' compensation has, along with average prices, been flat. In such a case current rates will simply be the same as the historic rates. On these facts, use of current rates will not in fact compensate for delay in payment.

Second, assume now there has been general price inflation and that lawyers' compensation has moved exactly in tandem with the CPI. While use of current rates would compensate for inflation, it would not compensate for the delay in payment. In economic substance, the results are the same as in the first case.

Third, assume the existence of general price inflation (in line with expected inflation) *and* a considerably higher rate of increase in lawyers' compensation. This in fact appears to have been the case in the 25 years from 1987 to 2012, with an increase in lawyers' remuneration roughly twice the increase

---

[1] Long-run nominal interest rates are a function of real interest rates and expected inflation. Of course expected inflation may differ from realized inflation. I'm telescoping the two for simplicity's sake.

in prices generally. See http://metricmash.com/349k (last visited May 29, 2013). In such a case, obviously, use of current rates may well overcompensate the lawyer, giving him high pay for work performed in a period of (relatively) modest compensation.

Further complication is added if the *individual* lawyer in question is able in the later period to command higher rates than before, in line with growing experience and reputation. Of course the lawyer's work will often be spread over several years, and thus command varying rates over the periods performed. Compensation at current rates for the entire period would compensate a relatively junior attorney at more than he or she would have commanded in the earlier period(s).

Accordingly, although one can certainly construct a case where use of current rates would yield a figure giving roughly correct compensation for delay, there is no general principle supporting such use. Given the complications in assessing the suitability of using current rates, plus the improvements in ability to secure interest rate data and to make the computations necessary for straightforward addition of interest, I suspect it will in most and perhaps all cases be easier and more accurate for courts, when they believe that it is suitable to compensate for delay, to do so simply by awarding interest at the nominal rate(s) prevailing over the period(s) of delay.